[Cite as *State v. McVay*, 2018-Ohio-4683.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-421 |
| | | (C.P.C. No. 11CR-3237) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Steven McVay, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 20, 2018

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued**: *Valerie Swanson*.

**On brief**: *Priya D. Tamilarasan*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Steven McVay, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court found appellant incompetent to stand trial and not restorable.

{¶ 2} On June 22, 2011, appellant was indicted on charges of attempted rape with specification and unlawful sexual conduct with a minor. On August 25, 2011, appellant filed a motion for a competency evaluation pursuant to R.C. 2945.37. The trial court granted the motion for a competency evaluation under R.C. 2945.371. Netcare Forensic Center evaluated appellant and concluded that appellant was mentally ill, was mildly mentally retarded, was not competent to stand trial, the least restrictive environment to restore appellant's competence was in a locked civil psychiatric unit, and it was likely appellant would be restored to competency to stand trial within the time allowed by law.

Subsequently, the court ordered that appellant undergo treatment for a period of one year at Twin Valley Behavioral Healthcare ("TVBH").

{¶ 3} On March 23, 2012, TVBH notified the court that appellant was still not competent to stand trial but there was a substantial probability that he could become restored to competency with continued treatment at TVBH. On April 17, 2012, the court ordered appellant to continue treatment.

{¶ 4} On September 21, 2012, TVBH notified the court that appellant was still not competent to stand trial and there was no longer a substantial probability that he could become restored to competency because the statutory timeframes for competency restoration would soon expire. TVBH recommended appellant continue inpatient treatment at TVBH.

{¶ 5} On November 15, 2012, the trial court held a hearing. The court noted appellant was incompetent to stand trial and the maximum time for treating him had expired. The court indicated it would retain jurisdiction for a maximum length of eight years and appellant would be committed to TVBH. It ordered that all further proceedings would be held pursuant to R.C. 2945.401 and 2945.402.

{¶ 6} On June 30, 2015, the trial court held a hearing on increasing appellant's privileges. The court found appellant was still a mentally ill person subject to court ordered hospitalization. It ordered all further proceedings would be held pursuant to R.C. 2945.401 and 2945.402.

{¶ 7} On July 11, 2016, appellant requested an evaluation to determine his competency to stand trial. On September 9, 2016, TVBH issued a report for the trial court. In that report, Dr. Dennis Eshbaugh opined appellant had mild mental retardation and serious mental illness, his psychotic disorder was presently well controlled and did not impair his daily functioning, and he was incompetent to stand trial. The cover letter to the report, written by David Forman, the TVBH Forensic Admissions and Legal Assurance Director, indicated that Dr. Eshbaugh concluded appellant was incompetent to stand trial, and the least restrictive environment for appellant was the civil unit at TVBH.

{¶ 8} On October 3, 2016, the trial court ordered the Forensic Psychiatry Center conduct an evaluation on appellant and make findings pursuant to R.C. 2945.371(G). On October 28, 2016, Netcare Forensic Center submitted a report, pursuant to R.C.

2945.371(G), prepared by Dr. Terrance Kukor, who opined that appellant had a serious mental illness and an intellectual disability, was incapable of understanding the legal proceedings against him, and was not capable of assisting counsel in his defense.

{¶ 9}    On November 23, 2016, appellant filed a motion for additional evaluation claiming Dr. Kukor's report did not include the necessary findings pursuant to R.C. 2945.371(G). Appellant also argued these findings were necessary to determine whether the trial court had continued jurisdiction, pursuant to R.C. 2945.39, and whether R.C. 2945.371(H) would be applicable. Appellant argued Dr. Kukor's report failed to include a determination as to whether appellant's mental illness and intellectual disability rises to the level of institutionalization by court order and it failed to include a recommendation for the least restrictive treatment needs. The State of Ohio, plaintiff-appellee, filed a response, claiming R.C. 2945.371(H) was not applicable. On January 13, 2017, the trial court denied appellant's motion.

{¶ 10}    On April 25, 2017, the trial court conducted a competency hearing at appellant's request. Drs. Eshbaugh and Kukor testified at the hearing. The two doctors presented testimony regarding appellant's intellectual abilities and mental health. In summary, appellant argued the pertinent issue was whether the court could maintain continued jurisdiction, and although both doctors believed appellant was a person subject to hospitalization, neither doctor included this finding in his report, which appellant claimed was a mandatory finding under R.C. 2945.371(G)(3). The state countered that continued jurisdiction was not at issue at the hearing but, rather, whether appellant was competent was the only issue.

{¶ 11}    On May 11, 2017, the trial court issued a decision in which it indicated the purpose of the hearing was to address the status of appellant's competency and the court's continuing jurisdiction pursuant to R.C. 2945.37 and 2945.401. The court found appellant was incompetent to stand trial and not restorable. Appellant appeals the trial court's judgment, asserting the following two assignments of error:

> [I.]  THE TRIAL COURT COMMIT[T]ED REVERSIBLE ERROR BY FINDING THAT THE TRIAL COURT RETAINS JURISDICTION OVER THE APPELLANT.
>
> [II.]  THE TRIAL COURT SUBSTANTIALLY VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS UNDER

FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION AND COMMITTED SUBSTANTIAL PREJUDICE AND PLAIN ERROR IN DENYING APPELLANT'S MOTION FOR ADDITIONAL EVALUATION.

{¶ 12} Appellant argues in his first assignment of error the trial court erred when it retained jurisdiction over him. Appellant asserts the trial court continued to have jurisdiction over him until jurisdiction ceased on his final termination of commitment. He claims the final termination of commitment occurred when there was insufficient evidence to establish whether he was a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order pursuant to R.C. 2945.401(J)(1)(a).

{¶ 13} R.C. 2945.401 provides, in pertinent part:

> (A) A defendant found incompetent to stand trial and committed pursuant to section 2945.39 of the Revised Code or a person found not guilty by reason of insanity and committed pursuant to section 2945.40 of the Revised Code shall remain subject to the jurisdiction of the trial court pursuant to that commitment, and to the provisions of this section, until the final termination of the commitment as described in division (J)(1) of this section.

> * * *

> (C) The department of mental health and addiction services or the institution, facility, or program to which a defendant or person has been committed under section 2945.39 or 2945.40 of the Revised Code shall report in writing to the trial court, at the times specified in this division, as to whether the defendant or person remains a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order and, in the case of a defendant committed under section 2945.39 of the Revised Code, as to whether the defendant remains incompetent to stand trial. The department, institution, facility, or program shall make the reports after the initial six months of treatment and every two years after the initial report is made. The trial court shall provide copies of the reports to the prosecutor and to the counsel for the defendant or person. Within thirty days after its receipt pursuant to this division of a report from the department, institution, facility, or program, the trial court

shall hold a hearing on the continued commitment of the defendant or person or on any changes in the conditions of the commitment of the defendant or person. The defendant or person may request a change in the conditions of confinement, and the trial court shall conduct a hearing on that request if six months or more have elapsed since the most recent hearing was conducted under this section.

* * *

(F) At any hearing held pursuant to division (C) or (D)(1) or (2) of this section, the defendant or the person shall have all the rights of a defendant or person at a commitment hearing as described in section 2945.40 of the Revised Code.

(G) In a hearing held pursuant to division (C) or (D)(1) of this section, the prosecutor has the burden of proof as follows:

(1) For a recommendation of termination of commitment, to show by clear and convincing evidence that the defendant or person remains a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order;

(2) For a recommendation for a change in the conditions of the commitment to a less restrictive status, to show by clear and convincing evidence that the proposed change represents a threat to public safety or a threat to the safety of any person.

* * *

(J)

(1) A defendant or person who has been committed pursuant to section 2945.39 or 2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. For purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following:

(a) The defendant or person no longer is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order, as determined by the trial court;

(b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have

received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity;

(c) The trial court enters an order terminating the commitment under the circumstances described in division (J)(2)(a)(ii) of this section.

(2)

(a) If a defendant is found incompetent to stand trial and committed pursuant to section 2945.39 of the Revised Code, if neither of the circumstances described in divisions (J)(1)(a) and (b) of this section applies to that defendant, and if a report filed with the trial court pursuant to division (C) of this section indicates that the defendant presently is competent to stand trial *or* if, at any other time during the period of the defendant's commitment, the prosecutor, *the counsel for the defendant*, or the designee of the department of mental health and addiction services or the managing officer of the institution or director of the facility or program to which the defendant is committed *files an application with the trial court alleging that the defendant presently is competent to stand trial and requesting a hearing on the competency issue* or the trial court otherwise has reasonable cause to believe that the defendant presently is competent to stand trial and determines on its own motion to hold a hearing on the competency issue, the trial court shall schedule a hearing on the competency of the defendant to stand trial, shall give the prosecutor, the counsel for the defendant, and the department's designee or the managing officer of the institution or the director of the facility to which the defendant is committed notice of the date, time, and place of the hearing at least fifteen days before the hearing, and shall conduct the hearing within thirty days of the filing of the application or of its own motion. If, at the conclusion of the hearing, the trial court determines that the defendant presently is capable of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense, the trial court shall order that the defendant is competent to stand trial and shall be proceeded against as provided by law with respect to the applicable offenses described in division (C)(1) of section 2945.38 of the Revised Code and shall enter whichever of the following additional orders is appropriate:

(i) If the trial court determines that the defendant remains a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order, the trial court shall order that the defendant's commitment to the department of mental health and addiction services or to an institution, facility, or program for the treatment of intellectual disabilities be continued during the pendency of the trial on the applicable offenses described in division (C)(1) of section 2945.38 of the Revised Code.

(ii) If the trial court determines that the defendant no longer is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order, the trial court shall order that the defendant's commitment to the department of mental health and addiction services or to an institution, facility, or program for the treatment of intellectual disabilities shall not be continued during the pendency of the trial on the applicable offenses described in division (C)(1) of section 2945.38 of the Revised Code. This order shall be a final termination of the commitment for purposes of division (J)(1)(c) of this section.

(b) If, at the conclusion of the hearing described in division (J)(2)(a) of this section, the trial court determines that the defendant remains incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the trial court shall order that the defendant continues to be incompetent to stand trial, that the defendant's commitment to the department of mental health and addiction services or to an institution, facility, or program for the treatment of intellectual disabilities shall be continued, and that the defendant remains subject to the jurisdiction of the trial court pursuant to that commitment, and to the provisions of this section, until the final termination of the commitment as described in division (J)(1) of this section.

(Emphasis added.)

{¶ 14} Here, appellant requested TVBH evaluate him to determine if he was competent to stand trial pursuant to R.C. 2945.401. He was first examined by Dr. Eshbaugh, who opined that he was not competent to stand trial. On October 3, 2016, the trial court then ordered a second evaluation to determine appellant's competency to stand trial. In doing so, the court ordered the examiner to issue a report complying with R.C.

2945.371(G). Dr. Kukor performed the second evaluation. Both Drs. Eshbaugh and Kukor submitted written reports.

{¶ 15} The crux of appellant's argument in his first assignment of error is that neither Drs. Eshbaugh's nor Kukor's written reports could be used by the trial court because the reports did not comply with the requirements in R.C. 2945.371(G). Appellant maintains the written report by Dr. Eshbaugh, to determine whether he was competent to stand trial, was written pursuant to R.C. 2945.401(J)(2)(a) and must have included the findings enumerated in R.C. 2945.371(G). Similarly, appellant asserts the report filed by Dr. Kukor was written pursuant to R.C. 2945.401(C) and had to determine whether appellant was still subject to the continued jurisdiction of the trial court as a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order, which are findings required by R.C. 2945.371(G). Additionally, appellant claims that, without any reports that comply with R.C. 2945.371(G), the court had insufficient evidence to make the finding required by R.C. 2945.39(A)(2) that appellant was a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order.

{¶ 16} The state first counters the trial court's hearing was not to determine whether appellant's commitment should terminate under R.C. 2945.401(C), and the court did not make any determination under R.C. 2945.401(J) that appellant is no longer a mentally ill person subject to court order or no longer a person with an intellectual disability subject to institutionalization. Instead, the state contends, the sole purpose of the hearing was to address appellant's competency. The state further counters that, even if the hearing was, pursuant to R.C. 2945.401(C), the evaluation requirements in R.C. 2945.371(G) do not apply at this stage of the proceedings but apply only to pre-commitment competency evaluations. The state maintains that R.C. 2945.39(D)(3) demonstrates once appellant was committed, pursuant to R.C. 2945.39(D)(1), R.C. 2945.401 became the controlling statute and sets forth the procedures for contesting continued commitment, conditions of commitment, and competency. The state contends appellant improperly challenged his continued commitment by requesting and receiving a report pursuant to R.C. 2945.371, instead of 2945.401.

{¶ 17} We agree with the state that R.C. 2945.39(D)(3) requires that, subsequent to an initial determination of commitment pursuant to R.C. 2945.39,[1] all further proceedings shall be in accordance with R.C. 2945.401 and 2945.402. *See State v. Williams*, 126 Ohio St.3d 65, 68 (2010). R.C. 2945.39(D)(3) reads:

> If a court makes a commitment under division (D)(1) of this section, all further proceedings shall be in accordance with sections 2945.401 and 2945.402 of the Revised Code.

---

[1] R.C. 2945.39, entitled "Proceedings after expiration of maximum time for treatment after finding of incompetency," provides, in pertinent part:

(A) If a defendant who is charged with an offense described in division (C)(1) of section 2945.38 of the Revised Code is found incompetent to stand trial, after the expiration of the maximum time for treatment as specified in division (C) of that section or after the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, one of the following applies:

* * *

(2) On the motion of the prosecutor or on its own motion, the court may retain jurisdiction over the defendant if, at a hearing, the court finds both of the following by clear and convincing evidence:

(a) The defendant committed the offense with which the defendant is charged.

(b) The defendant is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order.

* * *

(D)

(1) If the court conducts a hearing as described in division (A)(2) of this section and if the court makes the findings described in divisions (A)(2)(a) and (b) of this section by clear and convincing evidence, the court shall commit the defendant, if determined to require mental health treatment, either to the department of mental health and addiction services for treatment at a hospital, facility, or agency as determined clinically appropriate by the department of mental health and addiction services or to another medical or psychiatric facility, as appropriate. Prior to placing the defendant, the department of mental health and addiction services shall obtain court approval for that placement. If the court conducts such a hearing and if it makes those findings by clear and convincing evidence, the court shall commit the defendant, if determined to require treatment for an intellectual disability, to a facility operated by the department of developmental disabilities, or another facility, as appropriate. In determining the place of commitment, the court shall consider the extent to which the person is a danger to the person and to others, the need for security, and the type of crime involved and shall order the least restrictive alternative available that is consistent with public safety and the welfare of the defendant. In weighing these factors, the court shall give preference to protecting public safety.

* * *

(3) If a court makes a commitment under division (D)(1) of this section, all further proceedings shall be in accordance with sections 2945.401 and 2945.402 of the Revised Code.

{¶ 18} Appellant specifically argues that the doctors' reports, presented to the trial court for consideration in making a determination pursuant to R.C. 2945.401(J), were insufficient to support a finding that appellant was a mentally ill person subject to court order or with an intellectual disability subject to institutionalization by court order because the reports did not comply with R.C. 2945.371.

{¶ 19} R.C. 2945.371, entitled "Evaluations of defendant's mental condition at relevant time; separate mental retardation evaluation," effective October 12, 2016, provides, in pertinent part:

> (A) If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation.
>
> * * *
>
> (G) The examiner shall file a written report with the court within thirty days after entry of a court order for evaluation, and the court shall provide copies of the report to the prosecutor and defense counsel. The report shall include all of the following:
>
> (1) The examiner's findings;
>
> (2) The facts in reasonable detail on which the findings are based;
>
> (3) If the evaluation was ordered to determine the defendant's competence to stand trial, all of the following findings or recommendations that are applicable:
>
> (a) Whether the defendant is capable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense;
>
> (b) If the examiner's opinion is that the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, whether the defendant presently is mentally ill or has an intellectual disability and, if the examiner's opinion is that the defendant presently has an

intellectual disability, whether the defendant appears to be a person with an intellectual disability subject to institutionalization by court order;

(c) If the examiner's opinion is that the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the examiner's opinion as to the likelihood of the defendant becoming capable of understanding the nature and objective of the proceedings against the defendant and of assisting in the defendant's defense within one year if the defendant is provided with a course of treatment;

(d) If the examiner's opinion is that the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense and that the defendant presently is mentally ill or has an intellectual disability, the examiner's recommendation as to the least restrictive placement or commitment alternative, consistent with the defendant's treatment needs for restoration to competency and with the safety of the community.

{¶ 20} As noted previously, R.C. 2945.39(D)(3) requires proceedings subsequent to an initial commitment to be in accordance with R.C. 2945.401 and 2945.402. In reviewing R.C. 2945.401, we find no references to R.C. 2945.371(G) nor any indication that compliance with R.C. 2945.371(G) is required. Furthermore, appellant did not direct us to any portion of R.C. 2945.401 or any case law that requires compliance with R.C. 2945.371(G) after an initial commitment. Rather, in his appellate brief, appellant only asserts without citation to authority, that compliance with R.C. 2945.371(G) was required.

{¶ 21} In addition to noting appellant's lack of authority in support of his argument, we note that section (E)[2] of R.C. 2945.401 outlines criteria that a trial court

_____

[2] R.C. 2945.401(E) provides: "In making a determination under this section regarding nonsecured status or termination of commitment, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
(1) Whether, in the trial court's view, the defendant or person currently represents a substantial risk of physical harm to the defendant or person or others;
(2) Psychiatric and medical testimony as to the current mental and physical condition of the defendant or person;
(3) Whether the defendant or person has insight into the defendant's or person's condition so that the defendant or person will continue treatment as prescribed or seek professional assistance as needed;
(4) The grounds upon which the state relies for the proposed commitment;

shall consider in making a determination under R.C. 2945.401 regarding termination of commitment. However, no reference is made to R.C. 2945.371. We also note, as pointed out by the state, that R.C. 2945.371(G)(3)(c) requires an opinion as to the likelihood a defendant will become competent within one year if provided with a course of treatment, which would only be applicable to pre-commitment competency proceedings under R.C. 2945.38(B)(1)(a).

{¶ 22} Although the trial court's hearing and determination at issue here were pursuant to R.C. 2945.401, the trial court, on October 3, 2016, ordered an evaluation be conducted and make findings pursuant to R.C. 2945.371(G). It is not clear why the court required such compliance; however, there appears to be no prohibition on a trial court using R.C. 2945.371 as a guide for what it would like to be included in psychological evaluations it considers in making post-initial commitment determinations. Nevertheless, we cannot find R.C. 2945.401 requires that such evaluations comply with R.C. 2945.371(G). Therefore, appellant's contention that the trial court could not rely on the psychological evaluations provided by Drs. Eshbaugh and Kukor due to the failure of these reports to comply with R.C. 2945.371 is not well-taken. Appellant's first assignment of error is overruled.

{¶ 23} Appellant argues in his second assignment of error the trial court violated his right to due process and committed plain error when it denied his motion for an additional evaluation. On November 23, 2016, appellant filed a motion for additional evaluation of his mental health. Appellant's motion was based on his contention that Dr. Kukor failed to address the findings required by R.C. 2945.371(G). However, given our determination that there was no statutory requirement Dr. Kukor's report had to comply with R.C. 2945.371(G), we find there was no error here. For this reason, we overrule appellant's second assignment of error.

---

(5) Any past history that is relevant to establish the defendant's or person's degree of conformity to the laws, rules, regulations, and values of society;

(6) If there is evidence that the defendant's or person's mental illness is in a state of remission, the medically suggested cause and degree of the remission and the probability that the defendant or person will continue treatment to maintain the remissive state of the defendant's or person's illness should the defendant's or person's commitment conditions be altered."

{¶ 24} Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____